So our final case for our oral arguments docket today is In re the marriage of May that's 524 dash one one seven nine I've got mr. Valdez for the appellant and I have mr. Schaefer for the athlete you ready to proceed come right on up be sure to introduce yourself you're being recorded your honors counsel may please the courts my name is Julian Valdez and I represent the respondents appellants Amy May in this matter before I proceed to argument with the court like a brief recitation of the facts all right your honors the two issues on appeal are as follows first whether the circuit court erred in entering the order from which we currently appeal because the circuit court failed to set forth the method of valuation or allocation of the marital portion of Williams pension to be shared and the second point is that the circuit court erred and failing to consider any evidence when entering the order as it relates to those issues the language of the MSA marital settlements agreement provides that Amy is to receive quote one half of Williams pension as a result of the order the circuit court found that that language meant quotes one half of husband's pension plan from the date of marriage to the date of dissolution of marriage when we compare that to the language of Richardson the Richardson case is instructive and Richardson the language of the judgment was quotes one half of husband's pension as it has accrued from the date of the marriage to the date of the entry of the judgments of dissolution of marriage those are nearly identical provisions with minor syntax changes in Richardson the appellate court held quotes the judgment sets forth nothing more than that respondent was awarded one half of the marital portion of the pension it does not set forth how that marital portion will be calculated nor the value of the portion of the pension in which respondent was awarded a 50% share your honor the very short version of the points is that the court's order and the Richardson language judgment language are nearly identical and the Richardson court already held that that language does not set forth how to value the marital portion of the pension and it's our argument that as a result the circuit court has not completed its job in determining that valuation the main difference with Richardson being however is that that trial court did go on to determine the method of valuation that being the reserve jurisdiction the court in hunts summarizes two approaches although they're not the exclusive approaches to use in this manner the first being the offset approach the second being the reserve jurisdiction approach that the court in Richardson means by way of example in both approaches we're dealing with a fraction to determine what the marital portion is so the numerator and both the offset and the reserve jurisdiction approach are the number of years or months of marriage during which benefits were accumulated that will be found in both the hunts and the Richardson cases where these two approaches differ however is in the denominator in the offset approach the denominator is the total number of years or months during which benefits were accumulated prior to the offset approach presumes that a pensioner might retire at the time of divorce and makes a calculation based on what the estimated amount might be at that point whereas the reserve jurisdiction approach recognizes that there's great difficulties sometimes in making that determination due to a number of factors that may be present and thus allows the circuit courts to say hold your horses we're going to do this and we're going to do this and we're  not going to make any decision right now let's wait until the pensioner actually retires and then make a call right then and there. The proceedings of this case came before the court on a contempt citation fair to disperse the pension the way a wife wanted her husband to disperse it and rather than rule on the contempt Judge Sanders ordered the parties to file a memorandum and then he interpreted the original order from a contempt so do we even have jurisdiction has there been a contempt finding even yet? Judge, excuse me your honor there has not been a finding of contempt yet so I would say that this is a final order however the court did not set the matter for further proceedings the courts made a ruling and ordered the parties to submit an order which fully would have fully resolved the issues at least in the honorable Judge Sanders. So in effect Judge Sanders order found no contempt that the husband was correct in his interpretation of the disbursement? Your honor I would say Judge Sanders did not make any ruling as to contempt whatsoever whether Mr. May was or was not in contempt that issue has not been addressed whatsoever and that is your honor at the risk of undermining my esteemed colleague I think that this case would have been much better brought before the circuit court under a petition for declaratory judgments to make that determination however I don't believe that the vehicle is necessarily the issue because under all the vehicles the circuit court still would have been required to engage in that analysis of the method of evaluation. But I think what Justice Bonner is getting at is that if there is no ruling on contempt do we have a final order to even have this matter before us? Your honor. That's what he was getting at. Yes and your honor at that point I would still say yes the courts order was a final one there was not any indication that the court was going to be considering any other proceedings as a result of this matter and thus subject to appeal. And to follow up I've got two days left I think you guys have two days a lot of divorce cases on these dockets and they kind of run together sometimes so I may be wrong but so I'm asking the question you said that Judge Sanders asked you all to give a memorandum of law was there testimony was there evidence presented as to by the parties as to what transpired when this MSA was done or did Judge Sanders rule just strictly on those memos? You've got it right in the second part your honor it was strictly on the memos of law the court convened for a hearing on the petition for rule to show cause in June 2024 the court then instructed granted the parties leave to file a memo of law the court did not order or require such said memos to be filed the court did not indicate that it would rule solely on those memos of law the court then after receiving those memos did not set the matter for an evidentiary hearing but instead ruled solely on the issues of legal issues so to directly answer your question your honor no testimony was available to be offered as no hearing was ever held I will say Mr. May in his memo of law did provide some attachments however there was no hearing where those attachments were offered as evidence or excuse me offered as exhibits and accepted as evidence. And I'm sure you guys don't want to re-litigate this issue but what's the relief if procedurally the proper motion was not filed I think you kind of conceded that. Yes your honor. You know should have been probably a motion to enforce or something like that but rather there was a rule to show cause then the pleadings weren't correct probably should have been a hearing to get these parties you know they haven't called attorneys who and then so the ruling is just based upon a memorandum. Correct. Okay and I'm sure you know the same question is going to be to Mr. Shaffer it's like so what what's the relief for this court to do really besides send it back and say get it right. Your honor I believe that is the relief is send it back and get it right. With the petition for rule of show cause. And I'm going to jump to one other question that tags on to that. What's the standard of review then? Right. As well because I mean if it's simply an issue of law is it a de novo standard of review I mean and what in fact is what is this court in fact reviewing to piggyback on what Justice Cooley said. Yes your honor. I'm a bit of a procedural quagmire and he started with the questions. To me it all kind of relates on what our role is and how we're supposed to you know address this case. Yes your honor and one of the points I would make I don't know that the petition for rule to show cause was the wrong pleading I just believe that there are better legal mechanisms to get to where we're getting to that wouldn't have to deal with the issue of contempt. I mean if you ask me I think that the issues needed the MSA needed to be interpreted I don't know that's Mr. Mays refusal or alleged refusal to sign the quadro back then was necessarily contemptuous and that's not my position at all. But rather Judge Sanders took on the case under the rule to show cause ordered the parties to provide memos as to what the standards are for him to consider and then did not hold an evidentiary hearing which would receive evidence to apply those standards. Instead Judge Sanders said file a memo of law and then just ruled on it without considering any of the other factors that may be relevant such as how the pension is funded, how you know how far away the pensioner was from retirement. That makes that there's a difference as well and as Mr. Shaffer talks about in great length in his brief possible post-dissolution enhancements or contributions which may affect this. I believe that those are all relevant inquiries but the circuit court never got to that point. The circuit court just said we're dealing with the issue of the what the marital portion is but the circuit court didn't take that next step of  And this is what's or how we calculate that marital portion determined under either the offset method, reserve jurisdiction method or any other method that the court would have found acceptable because the courts have discretion to devise a method of their own as they see fit. Your Honor, I believe I answered your question but if I did not, please re-ask. In short, Your Honor, the Richardson language provided already that the language of the instant MSA does not determine the method of evaluation and it was error for the circuit court to engage or excuse me, to fail to engage in that analysis. A couple of points by way of reply to Mr. Shaffer's brief. The comparison between the language of the MSA and the language of the instant MSA the court's order and the Richardson judgment language is not addressed in Mr. Shaffer's brief. They do not reconcile the fact that the Richardson court held that that judgment does not provide any guidance on that, that it's silent. Your Honor, I would also point out that Mr. Shaffer cites In re Marriage of Sanders in his brief. I would note that that case is not applicable here as the court found in that case that the language was not silent as to the issue of evaluation. The court in that case did have a method so it did not need to devise a method of its own whereas here we don't or the MSA doesn't provide that instruction so the circuit court does need to engage in that inquiry. I would also note the cases that are relied upon by the circuit court, Ramsey and Zamudio, are similarly inapplicable. Both of those cases already provided a method of evaluation and at that point it was just up to the court to determine whether post-dissolution contributions or enhancements should be included in that marital portion but that's not an issue that's present on this appeal and thus those cases are just simply not applicable. On to my second point, the court failed to consider any evidence in making its ruling. The court, as I've already talked about in extensive length, the court did not have a hearing. The court in Wisniewski provided that parties cannot complain the trial court did not have enough evidence to decide this case when the party did not take advantage of his opportunity to present that evidence and that's the opportunity that we're asking for is to present that evidence, is to demonstrate to the courts the evidence that it could rely upon in making a determination as to the method of valuation but that opportunity was not offered or at a minimum it was requested, at least through Ms. Smay's motion to reconsider, but that was ultimately denied by the circuit court. Similarly, the court in Benz lists some factors that would be helpful for the circuit courts to consider in making the determination as to the method of valuation, such as how the pension plan was designed, whether the pension benefits were based primarily according to years of service or total contributions, how the pension plan determined the monthly payments and how the pension plan was funded in general. I'll also note that when reviewing these cases you'll find that there was a lot of expert testimony from actuaries giving their opinions as to the different methods of valuations and which ones may be more realistic determination of the value of the pension, at least as it relates in the dissolution proceeding. This case doesn't get that far and it's our position that the circuit court would greatly benefit from that expert testimony, that information regarding the pension plan that we are dealing with. At this point, Your Honor, the details of the actual pension plan itself are not of record. There's nothing indicating that this is a, well, it's our position that it's a defined benefit plan. There's nothing, no facts of record which yet suggest that it's a defined benefit plan. We know that it's the Federal Employees Retirement System and can do some quick searching and find out that it is a defined benefit plan. But my point in saying all that is that this record is not yet fully developed and the circuit courts would have greatly benefited from having that hearing to engage in that analysis and make a proper conclusion so that way this pension can be properly split. Your Honor, before I conclude, I would like to invite any more questions before closing remarks. Questions? No, that's good. No questions. Thank you. Thank you. And it's for those reasons that we ask the court to reverse the decision of the circuit courts, to vacate the order, the post-trial order, and remand these proceedings for an evidentiary year. Thank you. Thank you, counsel. And I'll put your hand back for your vote. Of course.  Counsel, may I please the court? It is a pleasure to appear in front of people with a better understanding of appellate jurisprudence than I have. I have never been as afraid in 25 or 30 appellate appearances as I was today getting ready, preparing three or four pages of notes on how I was going to talk to court in considering the concept that I had left out of my brief. And I have about three pages of notes here on this Court's appellate opinions and the Supreme Court's appellate opinions on when, how it is an absolute fundamental tenet of appellate jurisprudence that a contempt finding by a trial court that does not impose sanctions does not vest the appellate court with jurisdiction. Someone would have that discussion in another case. And the short version is that this Court has no jurisdiction in this particular issue because the sole plea, the only thing filed in this entire case was a rule of show cause. And the Court had a hearing and the record is clear. They called it an open court. My client, the appellee, was pro se. The Court said, you know, what are we fighting about? They tell the Court what they're fighting about. The Court says, well, give me a memo so I understand where everybody stands on this. As counsel said, there was no request to put on evidence. As counsel said, when they asked for the memo, there was no request to put on evidence. And when they submitted the memo, there was no request to put on evidence. The only time they asked to put on evidence was in the motion to reconsider. What's the case law in motions to reconsider? Supreme Court cases are clear. The appellate court cases are clear. You can't raise something new in a motion to reconsider that you never raised before. And they never asked to put on any evidence. Now, the reality of the situation is I can skip through a whole bunch of these pages where I explain my apologies for not raising this. I will say in my defense, the very first sentence of my brief, as I recall in the argument section, is that almost all of this is a red herring. As I got ready to argue it, I realized that was an understatement. This entire case is a school of red herrings. There are so many things that led me on. I felt like a beagle chasing three rabbits. They're going in every different direction, and I completely got off the trail. Let me ask you this. Yes, sir. If Judge Sanders did not specifically make a finding about contempt, it's clear from his order that he adopted your client's interpretation of how the pensions should be distributed. So, in effect, isn't he saying your client's not a contempt, I find no contempt, although he did not say those words, so would we not still have jurisdiction there? And if there's no contempt, there's no sanctions, right? If there's no contempt, there's no sanctions, and the court's divested of jurisdiction on a contempt order unless a sanction is imposed. But if there's no finding of contempt, there would not be sanctions. That's right. I said there's no jurisdiction because nothing's final because there was no finding of sanction. I believe that to be the law. Now, would anybody like to see this resolved any more than I do? But the reality of the situation is I believe that this court's ruling in a Williamson County case, Judge Murphy presiding and Mary Marie DePue and the Supreme Court and Ray Gutman, both of which sites I'd be happy to give you if the court wants them, unequivocally say contempt order, no sanction, no jurisdiction. And I don't think it's any more complicated than that. The motion to reconsider, red herring. The evidence was never asked to be put on. And counsel is right. Richardson doesn't apply completely. It fails. They all fail for the very unique reason that this fact pattern is a unicorn. These people were married for a very short time period. They got married in May of 97. They got divorced in June of 11. So you have a window of marriage. The difference between Richardson, Sanders, and all those other cases is what the court's looking at when we're defining up a pension. It's not fair to not give the wife part of the pension. If the husband accrued it, but then after the marriage he comes back and buys that pension for the time period during the marriage, that labor and that work was done during the marriage. That should be part of what gets divided. Or if the husband worked here but used money he earned during the marriage to go and buy those credits, that money that he spent was a marital asset, there's cases like that. That money should then get spent during the marriage to buy pre-marital work. That should count. This is a unicorn, as I say, because this husband was in the military long before he got married. And he earned a military retirement pension. Then working for the federal government, he was married and he earned a pension. But the court split the marriage portion in half. Then 10 years after the marriage, he goes back and uses money that he's earned 10 years post-marriage to buy those military credits back long before he was ever married. And so now the wife wants what this case is really about, and if it was remanded, but I don't think we can remand it for further proceedings. There are no proceedings. Unlike all those other cases, every other case that counsel cites, Richardson's, all those cases, there is either a motion to enforce or there's a petition to modify or there's some other pleading that this court could send back for further proceedings on. We have no proceedings to go back and remand it to finish. This is open. They issue a rule of show cause. No sanctions were imposed, so this court does not have jurisdiction. But if the court were going to say, I don't see this on the merits, the merits are that none of these cases apply because the funds that are the non-marital portion weren't earned during the marriage and they weren't used to buy the credits that were bought were earned in the military long before the marriage. And so what we're looking for here is a portion of the pensions that were earned before and earned after, and if the court were to do that, it wouldn't stand up anyway because that would be an unbelievable windfall to the wife to get credit for military service that was done before they even got married or money that was earned after the marriage. And if you took that from the husband, that would be a forfeiture, and those are two things that Illinois law clearly says. The law of forfeiture and the law of windfall. And what they're asking me to do is both at the same time, giving this wife half the pensions that were, the labor was done before and the money was earned after. And so I don't think that would stand in any event. I hate to argue that because it's another red herring. There's no jurisdiction and there's nothing to send it back for because there are no other pleadings pending. There's nothing in the court file to send this back for further proceedings on because the only thing that was filed was a will to show cause, and Judge Sanders had one job. Is this man in consummatious and willful violation of the court's order for not signing an order drafted by counsel that gives the wife half of his military pension earned before they were even married? And Judge Sanders did the analysis. He needed to know. I understand exactly what happened. He needed to know what is the argument and should this lady get part of his pension. So he ordered these amendments. They did the amendments. He clearly finds the husband's right. Submit the order just as the husband's been arguing. Uniform order of support. Now their second argument is that it fails because it doesn't provide an analysis for how to speak capital. False. The federal government in the United States Code gives you rules that how, what it has to say. It has to say amount of money, it has to say a percentage, or it has to say a fraction. And then the Director of Office of Personnel Management has set forth in the United States Code, as quoted in our brief, they do the calculation. We have to figure out what the monthly payments are and do all that stuff. They do all that for you. What do you have to give them? An amount of money, a percentage, or a fraction? What did Judge Sanders say? Half of the original order, half of the pension, Judge Sanders says, half of the marital portion. What's a fraction? One over two. You've got a denominator and a numerator. That's a fraction. That's exactly what the United States Code says. That's exactly what he did. That formula is quoted. The value is readily apparent on the face of the court order. And that is not an abuse of discretion. So he accomplished what needed to be done. Judge Sanders did everything he needed to do. He found, as the court implied, there's no contempt here. I can't find this kind of contempt because he objected to giving her half of the pension that was earned long before they ever got married that didn't even exist during the marriage because he didn't buy it until long after the marriage. That makes perfect sense. And so give her half of the marital share. One over two is a fraction. You submit the order. It's already drafted. It's already filed as part of the court file. That then goes off. They calculate the pension, and it's over. The case is over because there are no other pleasants. I apologize to this court for not catching the jurisdiction before. I've never had this happen to me in all my years of practice. I've been in this for 30-something years. I did not, and that's what's coming on my part, which I will never let happen again. And unless the court has any questions, that's all I got. I just want to be clear. Basically, if we have no jurisdiction, our case is dismissed, and then if someone wants to file something new within the trial court, then they can, and Judge Sanders can, or whoever's family doctor in Williamson County at the time can deal with it. Again, it's a pleasure to appear in front of people who don't worry about that. I do not know any more than I've been through a lot of appeals, Supreme Court appeals and everything else. When something is remanded, it has to have something to get remanded to. We don't have anything left to remand it to. And so I don't see where you would remand it to because there are no pleadings. And so I believe the only thing that this court can do. And there are some nuances. In the interest of jurists, judicial economy, I've seen appellate courts, in my opinion, crawl pretty far out on a limb and say, in the interest of judicial economy, we're going to say, if all these things have been done, then this is the law and this is what we think should have happened, and since it's what happened anyway, we're going to say, I've seen those kind of cases. And again, what do we send it back for? Go home and play in your own sandbox. I mean, I think that's where you get to. We can't even direct it in the report. There's nothing to direct it to. They already did it. The order's already been drafted. It's set up in the Uniform Order of Support. Or the quadra, I mean, it's already been filed. The other's nothing. It's already part of the court record. Anything further? No. Anything further? No. I sure appreciate your candor. Sometimes all you've got to do is point out your shortcomings. I didn't see it any bigger in life until about 8.15 this morning. Well, I know we appreciate it. Thank you, counsel. If you would like to need those citations, Your Honor. You need those citations? We might have a bunch of citations. Yeah, if you have them. I have a bunch of those.  Spring Court of Allies, Henry Guttman, G-U-T-T-M-A-N, 232 Illinois 2nd, 145. You need the northeastern side or anything else? Is that it? That's fine. And that's the case that refers to? That's it. No sanctions, no appeal. Repeat it. That Henry Guttman? Mm-hmm. Only a contempt judgment that imposes a sanction is an appealable order. And then the fifth district, this court's case, out of Williamson County is in writing measure Depew, D-E-P-E-W, 246, Hillop Third, 960. Same exact. No order is appealable until the trial court, unless the trial court imposes a sanction. Thank you so much, Counselor. I would suspect this might be a short speech. Oh, yeah. Hopefully. Your Honor, this amends the court only a few points on rebuttal. I will point out that Mr. Schaefer refers to a jurisdiction under a contempt order which requires that if there's no sanctions imposed, there cannot be a jurisdiction. That is under Illinois Supreme Court Rule 304B. The appellant here does not assert 304B as its jurisdictional basis. We assert 303 as the final order. I believe that there are differences and that there's not a requirement of sanctions under 303. Additionally, Mr. Schaefer posed the question, what would we remand to? Well, presuming Ms. May prevails on her appeal, the trial court's order would be vacated and thus the petition would again remain pending. So there is something to remand to. It's not as if there's nothing in existence at all, but that is how the procedure would be, as I understand it. I'll also note Mr. Schaefer discussed the Office of Personnel Management's OPM as it relates to the Sanders case. I will again remind the court in Sanders the court already had a method of valuation and the issue with OPM was when they took that value, that calculation or method of valuation and applied it to the payments therein. The receiving party in that case thought that it was improper for OPM to recalculate those benefits and the court found, and again this is an issue not related to this appeal, but the court found that the proper mechanism for her to challenge the propriety of that was already established in Congress. So that's not applicable to this case. Finally, I will note again Mr. Schaefer discusses the possibility of Mr. May's purchased service credits and enhancements contributions may be made retroactive or applicable to this case. But that's something for the circuit court to decide when interpreting what the method of valuation is. There's a plethora of case law out there which justifies the use of those post-dissolution enhancements as part of the marital portion. I'm not going to go into those details because that's not an issue and we don't have the facts for this appeal. Your Honor, in the absence of any questions from Your Honors, that's all I've got. Ms. Schellman? Yes, Your Honor. Well, obviously we will take the matter under advisement. We will issue an order in due course. Again, I appreciate your all's candor. I think my note was this is somewhat of a procedural mess. I agree with that. So, this closes our whole argument today. So this court will stand in recess until tomorrow morning at 9 o'clock.